Filed 4/25/14  P. v. Escalante CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE ROBERTO ESCALANTE,<br><br>        Defendant and Appellant. | A140629<br><br>(Sonoma County<br>Super. Ct. No. SCR663605) |

Defendant Jose Roberto Escalante requests this court to review, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, the judgment entered upon a no contest plea sentencing him to four years' imprisonment. Defendant has not submitted a supplemental brief after having been advised of his right to do so, and upon review of the record we have found no issue warranting further briefing. We shall therefore affirm the judgment.

Defendant plead no contest to a charge of violating Vehicle Code section 23152, subdivision (b), admitted one prior prison term enhancement (Pen. Code, § 667.5, subd. (b)), three prior Vehicle Code sections 23550.5 and 23578 enhancements, and one Vehicle Code section 23152, subdivision (a) enhancement. Pursuant to a plea bargain other charges and enhancements were dismissed, the court agreed to consider probation, and defendant was advised that his maximum sentence would be four years' imprisonment. Following a recommendation by the probation department to impose a four-year sentence, the court did so and ordered a $500 restitution payment and accompanying fines and fees as authorized by statute. Defendant was awarded 157 actual time credits and 156 good time credits. He has timely appealed.

1

Based on facts appearing in the presentence report, at approximately 9:40 p.m. on July 9, 2013, defendant's vehicle struck a parked car on Summerfield Road in Sonoma County, and defendant was determined to have been driving with a blood alcohol level of .25 percent. At the time, defendant was subject to mandatory supervision based on prior driving-under-the-influence offenses. He acknowledged that he had been drinking since 10:00 a.m. that day, celebrating the removal the day before of an ankle bracelet monitoring his alcohol consumption.

In view of the defendant's long history of prior driving-under-the-influence offenses, the trial court clearly did not abuse its discretion in following the recommendation of the probation department to deny probation and to impose the upper term of three years for the violation of Vehicle Code section 23152, subdivision (b) plus one year for the prior prison term enhancement, the maximum permitted by the plea agreement. The restitution, fines and fees were also imposed in accordance with law. Defendant was effectively represented by competent counsel throughout the proceedings. There is no cause for additional briefing.

The judgment is affirmed.


_____
Pollak, J.

We concur:


_____
McGuiness, P. J.


_____
Jenkins, J.